United States District Court
Southern District of Texas
McAllen Division

| | | |
|---|---|---|
| **Enedina Salinas De Rios, and** § | | |
| **Carlos Rios Cantu** § | | |
| *Plaintiffs* § | **Civil Action No.** | |
| § | | |
| versus § | **Diversity** | |
| § | | |
| § | **Jury Demanded** | |
| § | | |
| **Home Depot U.S.A., Inc.** § | | |
| *Defendant.* § | | |

## Plaintiffs' Original Complaint

**To the Court:**

Comes Now, Enedina Salinas De Rios and Carlos Rios Cantu, Plaintiffs, and files this Original Petition against Home Depot U.S.A, Inc. hereinafter referred to as Defendant and would respectfully show the Court as follows:

### Parties

1.  Plaintiff, Enedina Salinas De Rios is a citizen and resident of Mission, Texas with her residence at 7024 La Loma Dr, Mission, Texas 78572-0000.

2.  Plaintiff, Carlos Rios Cantu is a citizen and resident of Palmview, Texas with his residence at 2906 La Loma Dr., Palmview, Texas 78572-7980.

3.  Defendant, Home Depot U.S.A., Inc., is a foreign corporation located at 2455 Paces Ferry Rd. SE, Atlanta, GA 30339-4024. Defendant may be served with

1

process by serving its registered agent for service of process, Corporation Service Company dba CSC Lawyers Incorporating Service Company, 211 E. 7th Street, Ste. 620, Austin, Texas 78701-3218.

## Jurisdiction

4. There is complete diversity in this case and the damages in this case will most certainly exceed $75,000. Therefore, there is diversity jurisdiction under 28 U.S.C. § 1332 of the Federal Rules of Civil Procedure.

5. Venue is appropriate in this Court because "a substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of Texas. 28 U.S.C. § 1391(b)(2).

## FACTS

6. On March 23, 2021, Mr. Carlos Rios Cantu was pushing his wife disabled wife, Enedina Salinas De Rios, in a wheelchair through the entrance of the Home Depot store No. 8519, located at 120 S. Shary Rd, Mission, Texas 78572. While attempting to enter the store, the front wheels of Ms. Salinas De Rios' wheelchair's front wheels caught in a crack that had developed in the concrete threshold of the entryway, causing the wheelchair to come to an immediate halt and tilt over.

7. Ms. Enedina Salinas De Rios was thrown out of her wheelchair causing significant injuries to her back and upper body.

8. Mr. Carlos Rios Cantu fell and sustained an injury to his knee.

## Causes of Action

### *Count 1- Negligence Against Home Depot U.S.A., Inc.*

9. Defendant, HOME DEPOT U.S.A, INC. had a duty to Plaintiffs, legal invitees, and others like them, to provide a safe area for them to shop, free of any hazards.

10. Defendant HOME DEPOT U.S.A., Inc., by and through its employees, agents, servants, and/or representatives, failed to properly provide a safe place by allowing a hazard to persist in the main entry threshold and failing to warn the Plaintiffs of the hazard it posed to them.

11. Defendant HOME DEPOT, U.S.A., Inc. knew, or reasonably should have known, that the crack in the threshold of the main entry posed a hazard to disabled shoppers such as Ms. Salinas De Rios, and to elderly companions of those shoppers such as Mr. Rios Cantu.

12. Defendant HOME DEPOT U.S.A, INC., breached this duty by their actions and/or omissions but not limited to, by failing to adequately warn Plaintiffs of the conditions, or, in other words, to do what a person of ordinary prudence in the same or similar circumstances would have done when considering the risk posed by the threshold to wheelchair bound invitees and their elderly companions. This could easily have been done by simply using cones, posting an employee, or a myriad other

solutions to draw the hazard to the attention of elderly and disabled invitees such as the Plaintiffs. All of these solutions were feasible and readily available to Defendant.

### *Count 2- Premises Liability Against Home Depot U.S.A, Inc.*

13. Plaintiffs incorporate the previous paragraphs by reference as though fully set forth in their entirety. Defendant HOME DEPOT U.S.A, INC., has actual or constructive knowledge that the defect (the crack in the cement threshold) posed an unreasonable risk of harm and for which they failed to take action to eliminate or reduce the risk.

### *Count 3 - Bystander Claims*

14. On March 23, 2021, while mere inches away, Mr. Carlos Rios Cantu witnessed his disabled wife fall out of her wheelchair and be injured.

15. As a result from witnessing this accident, Mr. Carlos Rios Cantu suffered a direct shock to his psyche and is entitled to recover for his mental anguish.

16. Likewise, Ms. Salinas De Rios witnessed her husband also fall and become injured.

17. As a result from witnessing this accident, Ms. Salinas De Rios suffered a direct shock to her psyche and is entitled to recover for her mental anguish.

### **Causation**

18. Plaintiff would show that Defendant's negligence was the proximate cause of their injuries.

### Respondeat Superior/Vicarious Liability

19. Plaintiff would allege and show that Defendant is vicariously responsible for the acts of negligence of any of its employees or management at the Home Depot store in Mission, Texas that caused the injuries to Plaintiffs.

### Damages

20. In the occurrence that made the basis of this suit, Plaintiff Enedina Salinas De Rios, sustained severe bodily injuries. Because of the nature and severity of the injuries sustained, Plaintiff has sustained physical pain and mental anguish in the past and in reasonable probability she will continue to suffer physical pain and mental anguish in the future. Because of the nature and severity of the injuries she sustained, Enedina Salinas De Rios has required medical treatment in the past and in reasonable probability will require other medical treatment in the future. Charges for such medical treatment that have been made in the past and those which will in reasonable probability be made in the future has been and will be reasonable charges made necessary by the occurrence in question.

21. Plaintiff, Enedina Salinas De Rios would additionally say and show that she is entitled to recovery of pre-judgment and post-judgment interest in accordance with law and equity as part of her damages herein and your Plaintiff here and now

sues specifically for recovery of pre-judgment and post-judgment interest as provided by law.

22.    In the occurrence made the basis of this suit, Plaintiff Carlos Rios Cantu sustained injuries. Because of the nature and severity of the injuries sustained, Plaintiff has sustained physical pain and mental anguish in the future. At the time of the occurrence made the basis of this suit, Plaintiff was healthy, able-bodied working man. He has and will suffer physical impairment. Because of the occurrence in questions, Plaintiff has sustained very painful physical injuries. Because of the nature of the injuries he sustained, Carlos Rios Cantu has required medical treatment in the past and in reasonable probability will require other and additional medical treatment in the future. Charges for such medical treatment that have been made in the past and those which will in reasonable probability be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

23.    Plaintiff, Carlos Rios Cantu would additionally say and show that he is entitled to recovery of pre-judgment and post-judgment interest in accordance with law and equity as part of his damages herein and your Plaintiff here and now sues specifically for recovery of pre-judgment and post-judgment interest as provided by law.

## Jury Demand

24. Plaintiffs respectfully demand this Court empanel a lawful jury to hear this case.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Enedina Salinas De Rios and Carlos Rios Cantu respectfully pray that Defendant be cited to appear and answer herein, and that upon final trial and hearing hereof, Plaintiffs recover their damages in accordance with the evidence, that they recover any out-of-pocket costs of Court herein and that they recover interest to which they are entitled under law, and for such other and further relief, general and special, legal and equitable to which they may show themselves justly entitled.

Respectfully submitted, this 20th day of June, 2022.

**THE CREW LAW FIRM, P.C.**

*/s/ Paxton N. Crew*
**Paxton N. Crew**
ATTORNEY-IN-CHARGE FOR PLAINTIFFS
SDTX 859147
TBA No. 24058720
303 E. Main, Suite 260
League City, Texas 77573
Paxton@thecrewlawfirm.com
Telephone 713-955-0909
Facsimile 409-908-4050